Thomas R. Curtin
George C. Jones
GRAHAM CURTIN
A Professional Association
4 Headquarters Plaza
P.O. Box 1991
Morristown, New Jersey 07962-1991
(973) 292-1700

*Attorneys for Plaintiff*
*Ashley Furniture Industries, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ASHLEY FURNITURE INDUSTRIES, INC., a Wisconsin Corporation, | ) ) ) | Civil Action No. 17-1457 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| FURNITURE WORLD DISTRIBUTORS, INC., a New Jersey Corporation, | ) ) ) | **COMPLAINT AND JURY DEMAND** |
| Defendant. | ) ) | |

Plaintiff, Ashley Furniture Industries, Inc. ("Ashley" or "Plaintiff"), sets forth its Complaint against Defendant, Furniture World Distributors, Inc. ("Furniture World" or "Defendant"), as follows:

### NATURE OF THE ACTION

1.     This is an action for design patent and copyright infringement. The accused products are various pieces of furniture, including bed frames, dressers, night stands, and mirrors.

### THE PARTIES

2.     Plaintiff is a Wisconsin corporation having its principal place of business at One

Ashley Way, Arcadia, Wisconsin 54612.

3.      On information and belief, Furniture World is a New Jersey corporation having its principal place of business at 1 Passaic Street, Building 68, Wood-Ridge, New Jersey 07075.

## JURISDICTION AND VENUE

4.      Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 1338. Additionally, this Court has diversity jurisdiction under 28 U.S.C. § 1332.

5.      On information and belief, this Court has personal jurisdiction over Defendant Furniture World because it is incorporated in New Jersey and conducts business in New Jersey. On its website, http://www.furnitureworlddistributors.com, Defendant Furniture World states that it is located at 1 Passaic Street, Bldg 68, Wood-Ridge, NJ 07075. http://www.furnitureworlddistributors.com/contact-us. On information and belief, Furniture World has offered for sale, sold and/or otherwise distributed the accused infringing furniture, identified below, in this judicial district, including at this address.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), as well as 28 U.S.C. § 1400(a) and (b).

## FACTUAL BACKGROUND

7.      Ashley is the largest furniture manufacturer, and the best-selling furniture brand, in North America.  Ashley sells home furnishings and accessories in this judicial district and elsewhere, including through two distribution channels, namely, a network of thousands of independent third party retailers and over 600 licensed stores operating under the names and marks ASHLEY FURNITURE HOMESTORE® and ASHLEY HOMESTORE®.

8.      Ashley has designed and created appealing designs, including the creation, selection and arrangement of protectable, non-functional, ornamental, original sculptural works

for furniture products.  Ashley's works include original sculptural ornamental designs and constitute original works of authorship fixed in a tangible medium of expression, from which the original works can be perceived, reproduced or otherwise communicated.

9.    Many of Ashley's works have been enormously successful, including those incorporated within the Ashley Leahlyn Collection depicted in Exhibit A ("Ashley Works"). The Ashley Leahlyn Collection includes the Ashley Leahlyn Bedframe, the Ashley Leahlyn Dresser, the Ashley Leahlyn Mirror, the Ashley Leahlyn 5-Drawer Chest, and the Ashley Leahlyn 2-Drawer Night Stand, for which perspective views are shown below.

 

 

10.    The Ashley Works are protected by design patents and/or copyrights.  Ashley has assigned the group designation "B526" to its Ashley Leahlyn Collection.

11.     The Ashley Leahlyn Collection has been widely disseminated, having been sold, offered for sale and displayed for years throughout the United States, including at ASHLEY FURNITURE HOMESTORE, ASHLEY HOMESTORE, the internet, and independent furniture retailers.

12.     Defendant has embarked on a large scale effort to knock-off the Ashley Leahlyn Collection, slavishly copying the Ashley Works, including copying of the selection, arrangement and placement of Ashley's ornamental designs, culminating in Defendant's "B426" furniture line ("B426 Products").     Examples of Defendant's B426 Products are depicted below, and screenshots of Defendant's website and Facebook page depicting the B426 Products are attached as Exhibit B.






13.     On information and belief, Defendant has sold, offered for sale, and promoted the sale of its B426 Products in the United States.  Exhibit C is a true and correct copy of an email dated December 12, 2016, sent from a representative of Defendant, Mr. Rui DaCruza, stating in part:

> Attached is a photo of a new bedroom from Furniture World, the B426. Set is IN STOCK and ready to ship. **This set is exactly the same as the Ashley B526**, same finish and same size BUT we are cheaper ….
>
> * * *
>
> Our container price on this set is also cheaper than Ashley, anyone who is interested please contact me for pricing.

(*See* Exhibit C) (emphasis added).

14.     Exhibit D shows a side-by-side view comparing Ashley's Leahlyn B526 furniture and Defendant's B426 Products.

15.     A visual comparison of Ashley's Leahlyn B526 bedframe and Defendant's B426 bedframe, showing Defendant's slavish copying of the Ashley Works, is shown below.




Ashley B526 bedframe                               Furniture World B426 bedframe

16.     A visual comparison of the Ashley's Leahlyn B526 headboard and Defendant's B426 headboard, showing Defendant's slavish copying of the Ashley Works, is shown below.




Ashley B526 headboard                  Furniture World B426 headboard

17.     A visual comparison of the ornamental woodwork and metalwork on Ashley's Leahlyn B526 headboard and Defendant's B426 headboard, showing Defendant's slavish copying of the Ashley Works, is shown below.



Ashley B526 headboard



Furniture World B426 headboard

18.    A visual comparison of the Ashley's Leahlyn B526 footboard and Defendant's B426 footboard, showing Defendant's slavish copying of the Ashley Works, is shown below.




     Ashley B526 footboard                   Furniture World B426 footboard

19.    A visual comparison of the ornamental woodwork and metalwork on Ashley's Leahlyn B526 footboard and Defendant's B426 footboard, showing Defendant's slavish copying of the Ashley Works, is shown below.



Ashley B526 footboard



Furniture World B426 footboard

20.    A visual comparison of the ornamental woodwork on the headboard posts and footboard posts of Ashley's Leahlyn B526 and Defendant's B426 bedframe, showing Defendant's slavish copying of the Ashley Works, is shown below.






Headboard Post   Footboard Post          Headboard Post   Footboard Post
Ashley B526 bedframe                      Furniture World B426 bedframe

21.    A visual comparison of Ashley's Leahlyn B526 dresser and Defendant's B426 dresser, showing Defendant's slavish copying of the Ashley Works, is shown below.




Ashley B526 dresser                    Furniture World B426 dresser

22.     A visual comparison of the ornamental woodwork on Ashley's Leahlyn B526 dresser and Defendant's B426 dresser, showing Defendant's slavish copying of the Ashley Works, is shown below.



Ashley B526 dresser                    Furniture World B426 dresser

23.     A visual comparison of Ashley's Leahlyn B526 mirror and Defendant's B426 mirror, showing Defendant's slavish copying of the Ashley Works, is shown below.

                

Ashley B526 mirror                    Furniture World B426 mirror

24.    A visual comparison of the ornamental woodwork and metalwork on Ashley's Leahlyn B526 mirror and Defendant's B426 mirror, showing Defendant's slavish copying of the Ashley Works, is shown below.



Ashley B526 mirror



Furniture World B426 mirror

25.    A visual comparison of Ashley's Leahlyn B526 2-drawer night stand and Defendant's B426 night stand, showing Defendant's slavish copying of the Ashley Works, is shown below.

 

Ashley B526 night stand          Furniture World B426 night stand

26.     A visual comparison of Ashley's Leahlyn B526 5-drawer chest and Defendant's B426 chest, showing Defendant's slavish copying of the Ashley Works, is shown below.



Ashley B526 chest



Furniture World B426 chest

27.     Defendant had access to, and was aware of, the Ashley Works when it adopted the design for, manufactured and/or had manufactured, sold and offered for sale the B426 furniture.

## COUNT I

## PATENT INFRINGEMENT: U.S. PATENT NO. D763,594

28.     Plaintiff hereby re-alleges the allegations of Paragraphs 1-27 of this Complaint as if fully set forth herein.

29.     United States Patent No. D763,594 (the "'594 patent") entitled "Bed Frame" was duly and legally issued on August 16, 2016.   A true and correct copy of the '594 patent is attached as Exhibit E.

30.     Plaintiff owns all right, title, and interest in and to the '594 patent.

31.     Plaintiff has complied with the notice requirements of 35 U.S.C. § 287 with respect to the '594 patent.

32.     Defendant has infringed and continues to infringe the '594 patent, either literally and/or under the doctrine of equivalents, by manufacturing, selling, offering for sale in the United States, and/or importing into the United States furniture products (i.e., articles of manufacture) embodying Ashley's patented design, either directly or through intermediaries, and/or by contributing to and/or inducing others to do so.

33.     Defendant's B426 bedframe infringes the '594 patent inasmuch as it has an overall visual appearance that, to an ordinary observer conversant in the prior art, is substantially the same as the overall visual appearance of the design claimed in the '594 patent. (*See* Exhibit F.)

34.     Upon information and belief, a reasonable opportunity for further investigation or discovery will likely show that, with knowledge of the '594 patent (at least as of the filing of the Complaint and/or previously at least by willful blindness or otherwise), Defendant, in violation of 35 U.S.C. § 271(b), has induced, and is inducing, the direct infringement of one or more claims of the '594 patent by (at least) selling, providing support for, and/or providing instructions for use of the B426 bedframes to its customers with the intent to encourage those customers to infringe the '594 patent.

35.     Upon information and belief, a reasonable opportunity for further investigation or discovery will likely show that, with knowledge of the '594 patent (at least as of the filing of the Complaint and/or previously at least by willful blindness or otherwise), Defendant, in violation of 35 U.S.C. § 271(c), has contributorily infringed, and is contributorily infringing, the '594

patent, by selling the B426 bedframes to its customers in the United States, knowing that such products are material to practicing the claimed inventions, are not staple articles or commodities of commerce suitable for substantial non-infringing use, and are especially made or especially adapted for use in an infringement of the '594 patent.

36.     On information and belief, Defendant will continue to infringe Plaintiff's rights in the '594 patent unless restrained by this Court.

37.     Plaintiff has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

38.     As a result of Defendant's infringement of the '594 patent, Plaintiff has suffered damages in an amount to be determined at trial, which includes disgorgement of Defendant's total profits, lost profits, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

## COUNT II

### PATENT INFRINGEMENT: U.S. PATENT NO. D722,793

39.     Plaintiff hereby re-alleges the allegations of Paragraphs 1-38 of this Complaint as if fully set forth herein.

40.     United States Patent No. D722,793 (the "'793 patent") entitled "Dresser" was duly and legally issued on February 24, 2015.  A true and correct copy of the '793 patent is attached as Exhibit G.

41.     Plaintiff owns all right, title, and interest in and to the '793 patent.

42.     Plaintiff has complied with the notice requirements of 35 U.S.C. § 287 with respect to the '793 patent.

43.     Defendant has infringed and continues to infringe the '793 patent, either literally

and/or under the doctrine of equivalents, by manufacturing, selling, offering for sale in the United States, and/or importing into the United States, furniture products (i.e., articles of manufacture) embodying Ashley's patented design, either directly or through intermediaries, and/or by contributing to and/or inducing others to do so.

44.     Defendant's B426 dresser infringes the '793 patent inasmuch as it has an overall visual appearance that, to an ordinary observer conversant in the prior art, is substantially the same as the overall visual appearance of the design claimed in the '793 patent. (*See* Exhibit F.)

45.     Upon information and belief, a reasonable opportunity for further investigation or discovery will likely show that, with knowledge of the '793 patent (at least as of the filing of the Complaint and/or previously at least by willful blindness or otherwise), Defendant, in violation of 35 U.S.C. § 271(b), has induced, and is inducing, the direct infringement of one or more claims of the '793 patent by (at least) selling, providing support for, and/or providing instructions for use of the B426 dressers to its customers with the intent to encourage those customers to infringe the '793 patent.

46.     Upon information and belief, a reasonable opportunity for further investigation or discovery will likely show that, with knowledge of the '793 patent (at least as of the filing of the Complaint and/or previously at least by willful blindness or otherwise), Defendant, in violation of 35 U.S.C. § 271(c), has contributorily infringed, and is contributorily infringing, the '793 patent, by selling the B426 dressers to its customers in the United States, knowing that such products are material to practicing the claimed inventions, are not staple articles or commodities of commerce suitable for substantial non-infringing use, and are especially made or especially adapted for use in an infringement of the '793 patent.

47.     On information and belief, Defendant will continue to infringe Plaintiff's rights in

the '793 patent unless restrained by this Court.

48.    Plaintiff has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

49.    As a result of Defendant's infringement of the '793 patent,  Plaintiff has suffered damages in an amount to be determined at trial, which includes disgorgement of Defendant's total profits, lost profits, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

## COUNT III

## PATENT INFRINGEMENT: U.S. PATENT NO. D728,249

50.    Plaintiff hereby re-alleges the allegations of Paragraphs 1-49 of this Complaint as if fully set forth herein.

51.    United States Patent No. D728,249 (the "'249 patent") entitled "Mirror" was duly and legally issued on May 5, 2015. A true and correct copy of the '249 patent is attached as Exhibit H.

52.    Plaintiff owns all right, title, and interest in and to the '249 patent.

53.    Plaintiff has complied with the notice requirements of 35 U.S.C. § 287 with respect to the '249 patent.

54.    Defendant has infringed and continues to infringe the '249 patent, either literally and/or under the doctrine of equivalents, by manufacturing, selling, offering for sale in the United States, and/or importing into the United States, furniture products (i.e., articles of manufacture) embodying Ashley's patented design, either directly or through intermediaries, and/or by contributing to and/or inducing others to do so.

55.    Defendant's B426 mirror infringes the '249 patent inasmuch as it has an overall

visual appearance that, to an ordinary observer conversant in the prior art, is substantially the same as the overall visual appearance of the design claimed in the '249 patent. (*See* Exhibit F.)

56.     Upon information and belief, a reasonable opportunity for further investigation or discovery will likely show that, with knowledge of the '249 patent (at least as of the filing of the Complaint and/or previously at least by willful blindness or otherwise), Defendant, in violation of 35 U.S.C. § 271(b), has induced, and is inducing, the direct infringement of one or more claims of the '249 patent by (at least) selling, providing support for, and/or providing instructions for use of the B426 mirrors to its customers with the intent to encourage those customers to infringe the '249 patent.

57.     Upon information and belief, a reasonable opportunity for further investigation or discovery will likely show that, with knowledge of the '249 patent (at least as of the filing of the Complaint and/or previously at least by willful blindness or otherwise), Defendant, in violation of 35 U.S.C. § 271(c), has contributorily infringed, and is contributorily infringing, the '249 patent, by selling the B426 mirrors to its customers in the United States, knowing that such products are material to practicing the claimed inventions, are not staple articles or commodities of commerce suitable for substantial non-infringing use, and are especially made or especially adapted for use in an infringement of the '249 patent.

58.     On information and belief, Defendant will continue to infringe Plaintiff's rights in the '249 patent unless restrained by this Court.

59.     Plaintiff has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

60.     As a result of Defendant's infringement of the '249 patent, Plaintiff has suffered damages in an amount to be determined at trial, which includes disgorgement of Defendant's

total profits, lost profits, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

**COUNT IV**

**COPYRIGHT INFRINGEMENT**

61.     Plaintiff hereby repeats and incorporates herein the allegations set forth in paragraphs 1-60 of this Complaint as if fully set forth herein.

62.     This claim is against Defendant for copyright infringement in violation of the Copyright Act of 1976, 17 U.S.C. § 101 et. seq.

63.     Ashley has filed U.S. copyright applications for Ashley Works, which have been assigned the following serial numbers: 1-4437683962 (B525 Bed Frame (Queen)), 1-4437821449 (B526 Bed Frame (King)), 1-4437821525 (B526 Dresser), 1-4437821731 (B526 Mirror), 1-4437821797 (B526 5-Drawer Chest), 1-4437821833 (B526 2-Drawer Night Stand). As it learns more about the Defendant's copying scheme, Ashley may seek other copyright registrations and seek leave to amend this Complaint.

64.     Plaintiff is, and at all relevant times has been, the copyright owner or licensee of exclusive rights under United States copyrights with respect to the Ashley Works.

65.     Plaintiff's Ashley Works contain a substantial amount of original material that constitutes copyrightable subject matter protected under the Copyright Act of 1976, 17 U.S.C. § 101 et. seq.  Plaintiff has at all times complied in all respects with the Copyright Act of 1976 and all other laws of the United States with regard to Plaintiff's Ashley Works.

66.     Defendant has had access to Plaintiff's Ashley Works and Defendant has used or cause to be used various copies, including the B426 Products, constituting unauthorized copies of Plaintiff's Ashley Works in violation of Plaintiff's exclusive rights under the Copyright Act of

1976, 17 U.S.C. § 106. Defendant's advertising, sales, and use of substantially similar and/or identical copies of the Ashley Works, including the B426 Products, constitute copyright infringement in violation of Plaintiff's exclusive rights under the Copyright Act of 1976, 17 U.S.C. § 101 et. seq.

67.     A reasonable opportunity for further investigation or discovery will likely show that Defendant has knowingly, willfully and deliberately infringed Plaintiff's copyrights in Plaintiff's Ashley Works, and has continued to do so in conscious disregard and violation of Plaintiff's exclusive rights.

68.     By reason of Defendant's acts of copyright infringement, Plaintiff has suffered and will continue to suffer irreparable injury unless and until this Court (1) enters an order enjoining and restraining Defendant from using the Ashley Works in any manner, and (2) orders all copies of Ashley Works, including the B426 Products, to be impounded.

69.     Defendant's continuing acts of copyright infringement, unless enjoined, will cause and have caused irreparable damage to Plaintiff in that Plaintiff will have no adequate remedy at law to compel Defendant to cease such acts. Plaintiff will be compelled to prosecute a multiplicity of actions, one action each time Defendant commits such acts, and in each such action it will be extremely difficult to ascertain the amount of compensation that will afford Plaintiff adequate relief.

70.     By reason of Defendant's acts of copyright infringement, Plaintiff has suffered damages in an amount to be determined at trial. Plaintiff is entitled to recover, among other things, all applicable statutory damages, and all profits received or otherwise achieved, directly or indirectly, by Defendant in connection with its manufacturing, importing, advertising and sales of the B426 Products.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1.       A finding that United States Patent No. D763,594 is valid, and that Defendant has infringed the '594 patent;

2.       A finding that United States Patent No. D722,793 is valid, and that Defendant has infringed the '793 patent;

3.       A finding that United States Patent No. D728,249 is valid, and that Defendant has infringed the '249 patent;

4.       A finding that Plaintiff holds valid copyrights in its proprietary Ashley Works and that Defendant has infringed them;

5.       An injunction permanently enjoining Defendant, and its directors, officers, agents, servants, employees and all other persons in active concert or privity or in participation with it, from:

      a.       directly or indirectly infringing the '594, '793, and '249 patents;

      b.       directly or indirectly infringing the Plaintiff's copyrights;

      c.       continuing to make, use, sell, or offer to sell any products in the U.S., and/or import any products into the U.S., which infringe the '594 patent, '793 patent, and/or '249 patent and/or Plaintiff's copyrights; and

      d.       assisting, inducing, or aiding or abetting any other person or entity in engaging in any of the activities prohibited in subparagraphs (a) through (c) above;

6.       An order requiring the impounding and destruction of all products infringing the Plaintiff's design patent and copyrights;

7.       An order requiring Defendant to file with the Court and serve on Plaintiff, within 30 days after service of the Court's order as herein prayed, a report (or other form of proof) in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the Court's injunction;

8.       An order requiring Defendant to account to Plaintiff for all revenue and profits derived by Defendant from the manufacturer, importation, advertisement and sale of the infringing B426 Products;

9.      A judgment entered for Plaintiff and against Defendant for all damages sustained by Plaintiff and/or any applicable statutory damages for Defendant's acts of infringement, damages sustained by Plaintiff, treble damages, and pre-judgment and post-judgment interest;

10.     An accounting from Defendant for all gains, profits, and advantages derived from acts of infringement and/or other violations of the law as alleged herein, including disgorgement of Defendant's total profits under 35 U.S.C. § 289;

11.     An award of attorneys' fees and costs incurred in bringing this action;

12.     A judgment that Defendant has willfully and deliberately infringed Plaintiff rights, and that this is an exceptional case entitled Plaintiff to enhanced damages;

13.     An order for such further relief as the Court deems proper under the circumstances.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

Plaintiff, by its undersigned counsel, hereby certifies pursuant to Local Civil Rule 11.2 that the matters in controversy are not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated:  March 2, 2017                              */s/ Thomas R. Curtin*
                                             Thomas R. Curtin
                                             George C. Jones
                                             GRAHAM CURTIN
                                             A Professional Association
                                             4 Headquarters Plaza
                                             P.O. Box 1991
                                             Morristown, New Jersey 07962-1991
                                             (973) 292-1700
                                             (973) 292-1767 (fax)
                                             E-mail:  tcurtin@GrahamCurtin.com
                                                     gjones@GrahamCurtin.com

                                             Thomas J. Wimbiscus
                                             Christopher V. Carani
                                             Philipp Ruben
                                             MCANDREWS, HELD & MALLOY, LTD.
                                             500 West Madison Street
                                             34th Floor
                                             Chicago, IL 60661
                                             (312) 775-8000
                                             (312) 775-8100 (fax)
                                             E-mail:  twimbiscus@mcandrews-ip.com
                                                     ccarani@mcandrews-ip.com
                                                     pruben@ mcandrews-ip.com

                                             *Attorneys For Plaintiff,*
                                             *Ashley Furniture Industries, Inc.*